FILED
2012 AUG -7  PM 12:51
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Marc L. Godino, Esq. - State Bar No. 182689
info@glancylaw.com; mgodino@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, CA. 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

Jon A. Tostrud, Esq. - State Bar No. 199502
jtostrud@cuneolaw.com
TOSTRUD LAW GROUP, P.C.
1901 Avenue of the Stars, Suite 200
Los Angeles, CA. 90067
Telephone:  (310) 278-2600
Facsimile:   (310) 278-2640

*Attorneys for Plaintiff Stacy Orlick
On Behalf Of Herself and All Others Similarly Situated*

**COPY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| STACY ORLICK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAWLINGS SPORTING GOODS CO., INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>Defendant | Case No.: **CV12-6787-GHK (RZx)**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. California False Advertising Act, California *Business & Professions Code § 17500 et seq.*<br>2. California Unfair Competition Law, *California Business & Professions Code §17200 et seq.*<br>3. California Consumers Legal Remedies Act, *California Civil Codes §1770 et seq*<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Stacy Orlick, on behalf of herself and all others similarly situated alleges as follows: Plaintiff's allegations are based on the investigation of counsel, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

## THE PARTIES

1. Plaintiff Stacy Orlick is a citizen and resident of Los Angeles, California. She purchased a Rawlings Power Balance Performance Bracelet for herself after hearing about Rawlings Sporting Goods Co., Inc., ("Rawlings") products through word of mouth and then viewing internet advertising on one of Rawlings' distributor's website. In the purchase of this product, Plaintiff saw and relied on the marketing and advertising materials promoting Rawlings bracelets and necklaces and has been damaged in her purchase of a Rawlings bracelet as a direct result of false and/or misleading marketing and advertising materials.

2. Rawlings Sporting Goods Co., Inc. (hereafter "Rawlings" or "Defendant") is a Delaware corporation headquartered in St. Louis Missouri, and does business throughout California and the United States. Rawlings is the owner and distributer of Rawlings Bracelets and Necklaces (collectively "Rawlings Accessories" or "Accessories"). These are products which Rawlings' advertising claims will improve users' natural energy field, which can improve strength, balance, and flexibility.

3. Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sue such Defendants by such fictitious names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members of the class as alleged herein. Plaintiff will amend this complaint to set forth the

CLASS ACTION COMPLAINT- 1

true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4.     As at all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted, encouraged and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant; there are more than 100 Class members nationwide; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

6.     Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendants have caused economic injury to Class members residing in this District.  Further, Plaintiff resides in this District and Plaintiff purchased the product at issue from within this District.

## FACTUAL ALLEGTIONS

7.     Defendants distribute in commerce Rawlings Accessories throughout the United States.

8.     Rawlings has made misleading statements about Rawlings Accessories on its website directly, along with displaying many testimonials on its website. The Rawlings website currently states that the Rawings Accessories are a "favorite among elite competitors."

CLASS ACTION COMPLAINT- 2

9. The product description on the Rawings website states that Power Balance is "Performance Technology."

10. In 2011, the Rawlings website provided the following description of the Power Balance Performance Bracelet:

> Are you looking for increased Balance, Strength, and Flexibility? If so, then the Power Balance Performance Bracelet is the perfect fit for you. Power Balance is a performance technology that is a favorite among elite athletes and individuals that strive to perform at the top of their game, no matter what it is. Power balance holograms are embedded with frequencies that react positively with your body's natural energy fields. When the hologram comes in contact with your body's energy field, it allows your body to interact with the natural, beneficial frequency stored with the hologram. This results in improved energy flow throughout your body.

11. In the "Features" section of the product description, Rawlings promised that the Power Balance Performance Bracelet "Improves Balance, Strength, and Flexibility."

12. Similar descriptions for the Rawlings Power Balance Performance Bracelet can be currently found on popular websites such as Amazon.com, Walmart.com, Directsports.com, and Buy.com, to name just a few.

13. The manner in which Rawlings' products are marketed and advertised, such as through the statements described above, is misleading to an average consumer. Most consumers, when reading these claims, assume that this product has the health benefits that are marketed and advertised and that scientifically significant research supports statements made by Rawlings, when in fact that is not the case.

CLASS ACTION COMPLAINT- 3

14. Plaintiff, in purchasing the Rawlings bracelet, was misled by the marketing and advertising materials concerning the Rawlings Accessories. When she purchased the Rawlings bracelet she believed that the statements made concerning the bracelet's ability to improve energy, balance, strength, and flexibility. She relied on the misleading marketing and advertising of Rawlings and has been damaged by purchasing the product and not receiving what Rawlings led her to believe she was buying.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated purchasers of Rawlings Accessories, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3). The proposed Class consists of:

> All persons in the United States who purchased one or more Rawlings Accessories including bracelets and necklaces within the applicable class period (four years prior to filing of this action).

Excluded from the proposed Class are Defendants, its respective officers, directors, and employees, any entity that has a controlling interest in Defendants, as well as those who purchased Rawlings Accessories for the purpose of resale. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

16. **Numerosity**: Upon information and belief, the Class compromises thousands of consumers throughout the United States of America and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be

CLASS ACTION COMPLAINT- 4

ascertained through discovery, Plaintiff reasonably believes that there are tens of thousands of Class members.

17. **Common Question of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including:

    (a)    whether Defendants have any substantiation for its claims regarding Rawlings Accessories prior to making them and, if so, the adequacy of the substantiation;

    (b)    whether Defendants' claims regarding Rawlings Accessories are deceptive or misleading;

    (c)    Whether Defendants' engaged in false and/or misleading advertising;

    (d)    Whether Defendants' conduct as alleged herein violates the California Business & Professions Code §17200 *et. seq.*;

    (e)    Whether Defendants' conduct as alleged herein violates the California's Consumer Legal Remedies Act;

    (f)    Whether Defendants'' conduct as alleged herein violates the California Business & Professions Code §17500 *et. seq.*:

    (g)    Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

    (h)    Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

18. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning their products and purchased the products based on those representations.

19. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

20. **Superiority of the Class Action**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendants' have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

21. Unless a class is certified, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and proposed Class members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## PLAINTIFF'S EXPERIENCE

22. Plaintiff, after hearing about Rawlings Accessories, went to Walmart.com where she saw promotional advertising for the Power Balance Performance Bracelet.

23. Following her viewing of the advertisements, and in reliance on the advertisements, Plaintiff purchased a Rawlings bracelet via the internet from her residence in Los Angeles, California. Plaintiff hoped to experience the improved energy flow and increased balance, strength, and flexibility that the advertising for the Power Balance Performance Bracelet described. The Rawlings bracelet purchased cost about $35.00, including shipping. Plaintiff used the Rawlings bracelet as instructed and advertised, but did not experience any of the promised benefits. Thus, Plaintiff has been damaged in purchasing a Rawlings Accessory that was worthless to her.

## FIRST CAUSE OF ACTION
### Business and Professions Code §17500
### (Violation of the False Advertising Act)
### By Plaintiff and the Class Against All Defendants)

24. Plaintiff hereby incorporates paragraphs 1-23 above as if set forth in full.

25. *Business and Professions Code §17500* provides that "[i]t is unlawful for any ... corporation ... with intent ... to dispose of ... personal property ... to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated ... from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement ... which is untrue or

CLASS ACTION COMPLAINT- 7

misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

26. Defendants misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

27. As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

28. The misleading and false advertising described herein present a continuing threat to Plaintiff and the Class in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

## SECOND CAUSE OF ACTION
**Business and Professions Code §17200,** *et seq.*
**(Violation of the Unfair Competition Law)**
**By Plaintiff and the Class Against All Defendants**

29. Plaintiff hereby incorporates paragraphs 1-23 above as if set forth in full.

30. California Business and Professions Code §17200, *et seq.*, (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

31. The UCL imposes strict liability. Plaintiff need not prove Defendants intentionally or negligently engaged in unlawful, unfair or fraudulent business practices – but only that such practices occurred.

CLASS ACTION COMPLAINT- 8

32. The material misrepresentations, concealment and non-disclosures by Defendants Rawlings, and DOES 1-10, as part of their marketing and advertising for the Rawlings Accessories are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

33. In carrying out such marketing, Defendants have violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties. Defendants' business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

34. The harm to Plaintiff and members of the public outweighs the utility of Defendants'' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

35. Defendants' practices are additionally unfair because they have caused Plaintiff and the class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.

36. Defendants' practices, as set forth above, have misled the general public in the past and will mislead the general public in the future. Consequently, Defendants' practices constitute an unlawful and unfair business practice within the meaning of the UCL.

37. Pursuant to Cal. Bus. And Prof. Code § 17204, an action for unfair competition may be brought by any "person … who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendants' wrongful misrepresentations and omissions have been directly and seriously injured Plaintiff and the putative class by causing them to purchase Rawlings products based upon false and misleading marketing and labeling.

CLASS ACTION COMPLAINT- 9

38. The unlawful, unfair, and fraudulent business practices of Defendants are ongoing and present a continuing threat that members of the public will be misled into purchasing the Rawlings Accessories and upon learning that the wristband does not have the promised results, will be out of money.

39. Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendants'' revenues associated with their unfair competition, or such portion of those revenues as the Court may find equitable.

**THIRD CAUSE OF ACTION**
Civil Code § 1770, *et seq.*
(Violation of the Consumer Remedies Act)
By Plaintiff and the Class Against All Defendants

40. Plaintiff hereby incorporates paragraphs 1-23 above as if set forth in full.

41. The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997). Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection. Cal. Civil Code § 1760. The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

42. More specifically, Plaintiff alleges that Defendants have violated paragraphs 5, 7, 9 and 16 of the Cal. Civ. Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein. Defendants'' unfair

CLASS ACTION COMPLAINT- 10

and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in the purchase of Defendants' products by consumers, including Plaintiff, in violation of the CLRA. Cal. Civil Code § 1770, *et seq.*

43. As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and all purchasers of Defendants' products have lost money in that they paid for products that did not have the benefit as represented. Plaintiff seeks and is entitled to an order enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

44. Pursuant to Section 1782 of the CLRA, Plaintiff intends to notify Defendants in writing of the particular violations of Section 1770 of the CLRA (the "Notice Letter"). If Defendants fail to comply with Plaintiff's demands within thirty days of receipt of the Notice Letter, pursuant to Section 1782 of the CLRA, Plaintiff will amend this Complaint to further request damages under the CLRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendants, its agents, servants and employees, and all persons acting in concert with the, from engaging in, and continuing to engage in, the unfair, unlawful and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

2. For certification of the putative class;

3. For restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

4. For an accounting by Defendants for any and all profits derived by Defendants from their herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

5. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure § 1021.5, the CLRA, and the common law private attorney general doctrine;

6. For costs of suit; and

7. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

Dated: August 6, 2012

GLANCY BINKOW & GOLDBERG LLP

By: _____
MARC L. GODINO
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com


TOSTRUD LAW GROUP, P.C.
Jon A. Tostrud
1901 Avenue of the Stars, Suite 200
Los Angeles, CA. 90067
Telephone: (310) 278-2600
Facsimile: (310) 278-2640

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT- 12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

### CV12- 6787 GHK (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Marc L. Godino (#182689)
Glancy Binkow & Goldberg LLP
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY ORLICK, on behalf of herself and all others similarly situated<br><br>PLAINTIFF(S)<br>v.<br>RAWLINGS SPORTING GOODS CO., INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV12-6787-GHK(RZx)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Marc L. Godino_____, whose address is _1925 Century Park East, Suite 2100, Los Angeles, CA 90067_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG -7 2012__        By: __MARILYN D____
                                 Deputy Clerk

                              (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
STACY ORLICK, on behalf of herself and all others similarly situated,

**DEFENDANTS**
RAWLINGS SPORTING GOODS CO., INC., a Delaware Corporation, and DOES 1-10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Marc L. Godino (#182689)
Glancy Binkow & Goldberg LLP, 1925 Century Park East, Suite 2100
Los Angeles, CA 90067, Telephone: (310) 201-9150

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ to be proved

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Business & Professions Code 17200 and 17500, Civil Code Section 1770 - Violations of False Advertising Act, Unfair Competition Law, and Consumer Remedies Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV12-6787**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                          CIVIL COVER SHEET                                          Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 1. Plaintiff Stacy Orlick - Los Angeles, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Rawlings Sporting Goods Co., Inc. - St. Louis, MI |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date August 6, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |