1  Marc L. Godino, Esq. (SBN 182689)
2  GLANCY BINKOW & GOLDBERG LLP
   1925 Century Park East, Suite 2100
3  Los Angeles, CA 90067
   Telephone: (310) 201-9150
4  Facsimile:  (310) 201-9160
5  Email:  info@glancylaw.com; mgodino@glancylaw.com

6  Jon A. Tostrud, Esq. (SBN 199502)
7  TOSTRUD LAW GROUP, P.C.
   1901 Avenue of the Stars, Suite 200
8  Los Angeles, CA. 90067
   Telephone:  (310) 278-2600
9  Facsimile:   (310) 278-2640
10 Email: jtostrud@cuneolaw.com

11 *Attorneys for Plaintiff Stacy Orlick*
12 *On Behalf Of Herself and All Others Similarly Situated*

13

14              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
15                   WESTERN DIVISION

16 STACY ORLICK, on behalf of herself   )  Case No.: 2:12-cv-06787-GHK-RZ
17 and all others similarly situated,   )
                                         )  **FIRST AMENDED CLASS ACTION
18                                       )  COMPLAINT FOR:**
            Plaintiff,                   )
19                                       )     1. California False Advertising Act,
                                         )        California *Business &*
20      vs.                              )        *Professions Code § 17500 et seq.*
                                         )     2. California Unfair Competition
21 RAWLINGS SPORTING GOODS              )        Law, *California Business &*
   CO., INC., a Delaware Corporation,   )        *Professions Code §17200 et seq.*
22 and DOES 1-10, inclusive,            )     3. California Consumers Legal
                                         )        Remedies Act, *California Civil*
23                                       )        *Codes §1770 et seq.*
            Defendant                    )
24                                       )  **JURY TRIAL DEMANDED**
25                                       )

26

27

28

Plaintiff Stacy Orlick, on behalf of herself and all others similarly situated alleges as follows: Plaintiff's allegations are based on the investigation of counsel, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

## THE PARTIES

1.      Plaintiff Stacy Orlick is a citizen and resident of Los Angeles, California.  She purchased a Rawlings Power Balance Performance Bracelet for herself after hearing about Rawlings Sporting Goods Co., Inc., ("Rawlings") products through word of mouth and then viewing internet advertising on one of Rawlings' distributor's website.  In the purchase of this product, Plaintiff saw and relied on Rawlings' marketing and advertising materials promoting Rawlings bracelets and necklaces and has been damaged in her purchase of a Rawlings bracelet as a direct result of false and/or misleading marketing and advertising materials.

2.      Rawlings Sporting Goods Co., Inc. (hereafter "Rawlings" or "Defendant") is a Delaware corporation headquartered in St. Louis Missouri, and does business throughout California and the United States.  Rawlings is the owner and distributer of Rawlings Bracelets and Necklaces (collectively "Rawlings Accessories" or "Accessories").  These are products which Rawlings' advertising claims will: (1) improve users' natural energy field; and (2) improve strength, balance, and flexibility.

3.      Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-10, inclusive, and therefore sue such Defendants by such fictitious names.  Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the members

of the class as alleged herein.  Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

4. As at all times herein mentioned, Defendants and each of them were the agents, principals, servants, employees and subsidiaries of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, service, and employment and directed, consented, ratified, permitted, encouraged and approved the acts of each remaining Defendant.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one Defendant; there are more than 100 Class members nationwide; the aggregate amount in controversy exceeds $5,000,000; and minimal diversity exists.

6. Venue is proper in this District under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from this District, and Defendants have caused economic injury to Class members residing in this District.  Further, Plaintiff resides in this District and Plaintiff purchased the product at issue from within this District.

## FACTUAL ALLEGTIONS

7. Defendants distribute in commerce Rawlings Accessories throughout the United States.

8. According to the Rawlings Accessories packaging, "Rawlings has partnered with Power Balance® to provide you with the latest Performance Technology."

FIRST AMENDED CLASS ACTION COMPLAINT- 2

9.     Power Balance is a company that claims its hologram technology (which is affixed to all Rawlings Accessories) is responsible for the types of purported benefits found in Rawlings' advertising as detailed herein.

10.     Rawlings has made misleading statements about Rawlings Accessories on its website directly, along with displaying many testimonials on its website.  The Rawlings website currently states that the Rawlings Accessories are a "favorite among elite competitors."

11.     The product description on the Rawlings website states that Power Balance is "Performance Technology."

12.     In 2011, the Rawlings website provided the following description of the Power Balance Performance Bracelet:

> Are you looking for increased Balance, Strength, and Flexibility? If so, then the Power Balance Performance Bracelet is the perfect fit for you. Power Balance is a performance technology that is a favorite among elite athletes and individuals that strive to perform at the top of their game, no matter what it is. Power balance holograms are embedded with frequencies that react positively with your body's natural energy fields. When the hologram comes in contact with your body's energy field, it allows your body to interact with the natural, beneficial frequency stored with the hologram. This results in improved energy flow throughout your body.

13.     In the "Features" section of the product description, Rawlings promised that the Power Balance Performance Bracelet "Improves Balance, Strength, and Flexibility."

14.     The above advertising and marketing claims by Rawlings relating to the Rawlings Power Balance Performance Bracelet can also be found on popular

FIRST AMENDED CLASS ACTION COMPLAINT- 3

websites such as Amazon.com, Walmart.com, Directsports.com, and Buy.com, to name just a few.

15.    The manner in which Rawlings' products are marketed and advertised, such as through the statements described above, is misleading to an average consumer. Most consumers, when reading these claims, assume that this product has the health benefits that are marketed and advertised and that scientifically significant research supports statements made by Rawlings, when in fact that is not the case.

16.    Rawlings has no reasonable or good faith basis supporting any of the purported health benefits that it attributes to its Rawlings Accessories having the affixed Power Balance hologram.

17.    In fact, on November 21, 2010, the *Sunday Age* (Melbourne, Australia), in an article entitled "TGA Gives A Slap On The Wristband," reported the following concerning misleading statements associated with Power Balance Products:

> ***The distributors of the popular Power Balance wristbands have been ordered to drop "misleading" claims that they improve flexibility, balance and strength.***[1] The Therapeutic Goods Complaints Resolution Panel found there was ***no evidence*** that the wristbands used by sports stars including AFL players Brendan Fevola and Jack Riewoldt helped to improve performance. ***The panel said the claims were false and misleading and breached the therapeutic goods advertising code.***

> It demanded they be withdrawn and a retraction published on the Power Balance website by tomorrow week. AFL spokesman Patrick Keane said it would be up to individual players to decide if they continued using the bands following the panel's ruling. The AFL Players Association's Ben Hart said players would be alerted to the panel's findings. "Despite this, there is also a widespread understanding that the bands have not been scientifically proven. At the end of the day, it's a personal choice wear this kind of equipment," he said. The wristbands developed in California are imported into Australia by two Melbourne businessmen, Tom O'Dowd and Sean Condon, and sold in more than 700 outlets across the country. The three-millimetre-thick silicone bands with two hologram discs - which the

---

[1] At all times, emphasis is added unless otherwise indicated.

distributors claim are "embedded with frequencies that react positively with your body's natural energy field" - sell for $59.95 and a pendant version for $90.  Power Balance Australia has sold millions of dollars' worth of the bands since the company, based in Port Melbourne, was set up in August last year.  Mr O'Dowd, a carpenter by trade, denies the wristbands are a scam, saying they come with a 30-day money-back guarantee.  Paid product ambassadors include Fevola, NRL star Benji Marshall, racing car driver Rubens Barrichello, basketballer Andrew Bogut and Bondi Beach lifeguards.  *The complaints panel found Power Balance should not have published an advertisement for the wristbands on its website "which unlawfully made claims . . . about the body's 'electric balance' and improving 'synaptic response', brain function, muscle response, stamina, oxygen uptake, recovery, flexibility and 'gravitational balance'".  The panel said Power Balance "provided no evidence to support any of the claims . . . and no indication that such evidence exists."  In response, Power Balance acknowledged it had breached the code. "Since the time of the complaint, the relevant claims had been removed from the website," the company said.*  The panel investigated the bands following a complaint from La Trobe University public health researcher Ken Harvey after he read a Sunday Age report in June.  Dr Harvey said he welcomed the panel's findings but was worried that Power Balance would ignore the ruling because both the panel and the TGA were seen to be paper tigers.  Under the Therapeutic Goods Act, there is no provision for the TGA to impose civil penalties for breaches of the advertising code.  The TGA can only remove products from the register and refer repeated breaches of the advertising code to the Commonwealth Director of Public Prosecutions for criminal prosecution.

18.     Thereafter, on December 22, 2010, the International Business Times News reported, in an article entitled "ACCC Calls Power Balance a Scam":

Popular athletes wear and endorse them purportedly to enhance their competitive skills but Choice merely labeled the rubber wristband as a waste of money and now Australia's consumer watchdog calls the product as nothing but a scam.

Power Balance has been claiming that its sports bracelet provides balance, strength and flexibility by working through its owners' natural energy prowess but that assertion has been watered down by the manufacturer's recent admission that no science could back such benefits.

As a result, the Australian Competition and Consumer Commission (ACCC) is ordering Power Balance Australia to refund all customers wanting to return the product, with ACCC chair Graeme Samuel declaring in his Thursday statement that rubber wristband carries "no credible scientific basis for the claims and therefore no reasonable grounds for making representations about the benefits of the product."

FIRST AMENDED CLASS ACTION COMPLAINT- 5

Power Balance currently retails at $29.90, according to the product's online site, and is worn by well-known sports figures such as Brendan Fevola, Kevin Pietersen and Nick Riewoldt.

Samuel said that Power Balance's false claims are directly violating the provisions of the Trade Practices Act of 1974, which explicitly prohibits deceptive and misleading advertisement of products sold in Australia.
As such, continued marketing and selling of the product with deliberate deception by local retailers would constitute regulatory action from the ACCC, according to Samuel.

Consumer advocacy group Choice listed Power Balance to its Shonky awards this year as it declared that tests conducted on the product merely confirmed suspicions that the rubber wristband was more effective in emptying a person's pocket than enhancing his athletic ability.

***Also, Power Balance has admitted in November that it may have violated the therapeutic goods advertising code and proceeded in striking out such claims on its Australian official website.***

19.    Rawlings has no valid, independent scientific studies to prove any of its health representations relating to Rawlings Accessories and therefore Rawlings knew or should have known that its health-based representations regarding Rawlings Accessories are false and/or misleading.

20.    Plaintiff Orlick purchased the Rawlings bracelet from Walmart.com. In purchasing the Rawlings bracelet, Plaintiff Orlick was misled by Rawlings' marketing and advertising materials concerning the Rawlings bracelet displayed on that website.  In addition, when Plaintiff Orlick received her Rawlings bracelet from Walmart, the packaging promoted Rawlings' claims that the bracelet would provide "balance, strength, and flexibility," and that the" bracelet was designed to work with your body's natural energy field."

FIRST AMENDED CLASS ACTION COMPLAINT- 6

21.    When Plaintiff purchased the Rawlings bracelet she believed that the statements made concerning the bracelet's ability to improve energy, balance, strength, and flexibility.   She relied on Rawlings' misleading marketing and advertising and has been damaged by purchasing the Rawlings bracelet and not receiving what Rawlings led her to believe she was buying.

22.    Plaintiff has not experienced any of the advertised benefits of the Rawlings Power Balance Performance Bracelet and has been damaged thereby.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated purchasers of Rawlings Accessories, pursuant to Federal Rule of Civil Procedure 23(b)(2) and (3).   The proposed Class consists of:

> All persons in the United States who purchased one or more Rawlings Accessories including bracelets and necklaces within the applicable class period (four years prior to filing of this action).

Excluded from the proposed Class are Defendants, its respective officers, directors, and employees, any entity that has a controlling interest in Defendants, as well as those who purchased Rawlings Accessories for the purpose of resale. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action.   Plaintiff reserves the right to amend the Class definition as necessary.

24.    **Numerosity**:   Upon information and belief, the Class compromises thousands of consumers throughout the United States of America and is so numerous that joinder of all members of the Class is impracticable.   While the exact number of Class members is presently unknown and can only be

FIRST AMENDED CLASS ACTION COMPLAINT- 7

ascertained through discovery, Plaintiff reasonably believes that there are tens of thousands of Class members.

25. **Common Question of Law and Fact Predominate:** There are questions of law and fact common to the Class, which predominate over any individual issues, including:

(a) whether Defendants have any substantiation for its claims regarding Rawlings Accessories prior to making them and, if so, the adequacy of the substantiation;

(b) whether Defendants' claims regarding Rawlings Accessories are deceptive or misleading;

(c) Whether Defendants' engaged in false and/or misleading advertising;

(d) Whether Defendants' conduct as alleged herein violates the California Business & Professions Code §17200 *et. seq.*;

(e) Whether Defendants' conduct as alleged herein violates the California's Consumer Legal Remedies Act;

(f) Whether Defendants'' conduct as alleged herein violates the California Business & Professions Code §17500 *et. seq.*:

(g) Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

(h) Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

26. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendants' common course of conduct since they all relied on Defendants' representations concerning their products and purchased the products based on those representations.

27. **Adequacy of Representation:** Plaintiff will fairly and adequately represent and protect the interest of the Class. Plaintiff has retained counsel with substantial experience in handling complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

28. **Superiority of the Class Action**: A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting their own separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying inconsistent, or contradictory judgments, and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Defendants' have acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

29. Unless a class is certified, Defendants will retain monies received as a result of its conduct that was taken from Plaintiff and proposed Class members. Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

FIRST AMENDED CLASS ACTION COMPLAINT- 9

**PLAINTIFF'S EXPERIENCE**

30. Plaintiff, after hearing about Rawlings Accessories, went to Walmart.com where she saw Rawlings' promotional advertising for the Rawlings Power Balance Performance Bracelet.

31. Rawlings provided the following description of the Rawlings Power Balance Performance Bracelet on the Walmart.com website:

> Optimize your body's natural flow with the Rawlings Power Balance Bracelet. Designed to work with your body's natural energy field, the Rawlings wristband is similar to concepts behind several Eastern philosophies. This silicone bracelet with built-in Power Balance technology is used by most of the elite athletes. Favorite among such athletes, this performance wristband offers strength, balance, and flexibility. The hologram on this Power Balance silicone wristband bracelet is made to resonate with and respond to the body's natural energy field.

> Rawlings Power Balance Bracelet:

> • Silicone bracelet with embedded Power Balance technology

> • Used by many of today's elite athletes

> • Optimizes the body's natural energy flow

32. Following her viewing of Rawlings' description of the Power Balance Performance Bracelet on the Walmart.com website, and in reliance on those representations, Plaintiff purchased a Rawlings bracelet from Walmart.com from her residence in Los Angeles, California.

33. Unbeknownst to Plaintiff, Rawlings representations regarding the Power Balance Performance Bracelet were false and/or misleading and Rawlings had no reasonable basis to believe that the Power Balance Performance Bracelet

could provide any of the health-related benefits Rawlings represented to the public.

34.    Had Plaintiff been aware that Rawlings' representations regarding the health benefits of the Rawlings Power Balance Performance Bracelet were untrue, she would not have purchased the bracelet.

35.    Plaintiff hoped to experience the improved energy flow and increased balance, strength, and flexibility that Rawlings represented for the Power Balance Performance Bracelet.   The Rawlings bracelet purchased cost approximately $35.00, including shipping.  Plaintiff used the Rawlings bracelet as instructed and advertised by Rawlings, but did not experience any of the promised benefits.  Thus, Plaintiff has been damaged in purchasing a Rawlings Accessory that was worthless to her.

### FIRST CAUSE OF ACTION
**Business and Professions Code §17500**
**(Violation of the False Advertising Act)**
**By Plaintiff and the Class Against All Defendants**

36.    Plaintiff hereby incorporates paragraphs 1-35 above as if set forth in full.

37.    *Business and Professions Code §17500* provides that "[i]t is unlawful for any … corporation … with intent … to dispose of … personal property … to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated … from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement … which is untrue or

FIRST AMENDED CLASS ACTION COMPLAINT- 11

misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...."

38.     Defendants misled consumers by making untrue statements and failing to disclose what is required as stated in the Code, as alleged above.

39.     As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the members of the Class have suffered injury in fact and have lost money or property.

40.     The misleading and false advertising described herein present a continuing threat to Plaintiff and the Class in that Defendants persist and continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.  Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.

**SECOND CAUSE OF ACTION**
**Business and Professions Code §17200, *et seq.***
**(Violation of the Unfair Competition Law)**
**By Plaintiff and the Class Against All Defendants**

41.     Plaintiff hereby incorporates paragraphs 1-40 above as if set forth in full.

42.     California Business and Professions Code §17200, *et seq.,* (the "Unfair Competition Law" or "UCL") authorizes private lawsuits to enjoin acts of "unfair competition" which includes any unlawful, unfair, or fraudulent business practice.

43.     The UCL imposes strict liability.   Plaintiff need not prove Defendants intentionally or negligently engaged in unlawful, unfair or fraudulent business practices – but only that such practices occurred.

FIRST AMENDED CLASS ACTION COMPLAINT- 12

44.     The material misrepresentations, concealment and non-disclosures by Defendants Rawlings, and DOES 1-10, as part of their marketing and advertising for the Rawlings Accessories are unlawful, unfair, and fraudulent business practices prohibited by the UCL.

45.     In carrying out such marketing, Defendants have violated the Consumer Legal Remedies Act, the False Advertising Law, and various other laws, regulations, statutes, and/or common law duties.   Defendants' business practices alleged herein, therefore, are unlawful within the meaning of the UCL.

46.     The harm to Plaintiff and members of the public outweighs the utility of Defendants'' practices and, consequently, Defendants' practices, as set forth fully above, constitute an unfair business act or practice within the meaning of the UCL.

47.     Defendants' practices are additionally unfair because they have caused Plaintiff and the class substantial injury, which is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could have reasonably avoided.

48.     Defendants' practices, as set forth above, have misled the general public in the past and will mislead the general public in the future.   Consequently, Defendants' practices constitute an unlawful and unfair business practice within the meaning of the UCL.

49.     Pursuant to Cal. Bus. And Prof. Code § 17204, an action for unfair competition may be brought by any "person … who has suffered injury in fact and has lost money or property as a result of such unfair competition." Defendants' wrongful misrepresentations and omissions have been directly and seriously injured Plaintiff and the putative class by causing them to purchase Rawlings products based upon false and misleading marketing and labeling.

FIRST AMENDED CLASS ACTION COMPLAINT- 13

50.   The unlawful, unfair, and fraudulent business practices of Defendants are ongoing and present a continuing threat that members of the public will be misled into purchasing the Rawlings Accessories and upon learning that the wristband does not have the promised results, will be out of money.

51.   Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement and restitution to Plaintiff and the Class of all of Defendants'' revenues associated with their unfair competition, or such portion of those revenues as the Court may find equitable.

**THIRD CAUSE OF ACTION**
**Civil Code § 1770,** *et seq.*
**(Violation of the Consumer Remedies Act)**
**By Plaintiff and the Class Against All Defendants**

52.   Plaintiff hereby incorporates paragraphs 1-51 above as if set forth in full.

53.   The Consumer Legal Remedies Act ("CLRA") creates a non-exclusive statutory remedy for unfair methods of competition and unfair or deceptive acts or business practices. *See Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1164 (1997).  Its self-declared purpose is to protect consumers against these unfair and deceptive business practices, and to provide efficient and economical procedures to secure such protection.  Cal. Civil Code § 1760.  The CLRA was designed to be liberally construed and applied in favor of consumers to promote its underlying purposes. *Id.*

54.   More specifically, Plaintiff alleges that Defendants have violated paragraphs 5, 7, 9 and 16 of the Cal. Civ. Code § 1770(a) by engaging in the unfair and/or deceptive acts and practices set forth herein.  Defendants'' unfair

FIRST AMENDED CLASS ACTION COMPLAINT- 14

and deceptive business practices in carrying out the marketing program described above were and are intended to and did and do result in the purchase of Defendants' products by consumers, including Plaintiff, in violation of the CLRA. Cal. Civil Code § 1770, *et seq.*

55.    As a result of Defendants' unfair and/or deceptive business practices, Plaintiff and all purchasers of Defendants' products have lost money in that they paid for products that did not have the benefit as represented. Plaintiff seeks and is entitled to an order enjoining Defendants from continuing to engage in the unfair and deceptive business practices alleged herein.

56.    Plaintiff, on behalf of herself and Class members, seek damages, restitution and injunctive relief. Plaintiff seek an order requiring Defendants to refund Plaintiff and all Class members all monies they paid for Rawlings Accessories, and injunctive relief in the form of an order prohibiting Defendants from engaging in the alleged misconduct described herein and performing a corrective advertising campaign.

57.    Plaintiff has complied with California Civil Code § 1782(a) by serving a preliminary notice before seeking damages under the Consumers Legal Remedies Act. Defendants have not provided the relief requested in Plaintiffs' CLRA notice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the class, prays for relief and judgment as follows:

1.    For certification of the putative class;

2.    For preliminary and permanent injunctive relief enjoining Defendants, its agents, servants and employees, and all persons acting in concert with the, from engaging in, and continuing to engage in, the unfair, unlawful

and/or fraudulent business practices alleged above and that may yet be discovered in the prosecution of this action;

3.      For damages according to proof;

4.      For restitution and disgorgement of all money or property wrongfully obtained by Defendants by means of its herein-alleged unlawful, unfair, and fraudulent business practices;

5.      For an accounting by Defendants for any and all profits derived by Defendants from their herein-alleged unlawful, unfair and/or fraudulent conduct and/or business practices;

6.      For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure § 1021.5, the CLRA, and the common law private attorney general doctrine;

7.      For costs of suit; and

8.      For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all issues so triable.

Dated:  October 18, 2012          GLANCY BINKOW & GOLDBERG LLP

By: _____
MARC L. GODINO
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:   (310) 201-9160
Email:  info@glancylaw.com

FIRST AMENDED CLASS ACTION COMPLAINT- 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TOSTRUD LAW GROUP, P.C.
Jon A. Tostrud
1901 Avenue of the Stars, Suite 200
Los Angeles, CA. 90067
Telephone:  (310) 278-2600
Facsimile:   (310) 278-2640

*Attorneys for Plaintiff*

**PROOF OF SERVICE VIA U.S. MAIL**

I, the undersigned, say:

I am a citizen of the United States and am over the age of 18 and not a party to the within action.  My business address is 1925 Century Park East, Suite 2100, Los Angeles, California  90067.

On October 18, 2012, I served the following document:

**FIRST AMENDED CLASS ACTION COMPLAINT**

on counsel for the parties in this action, addressed as stated below:

Elizabeth V. McNulty
Gary A. Wolensky
Patrick R. Bakk
Hewitt Wolensky LLP
4041 MacArthur Blvd., Suite 300
Newport Beach, CA 92660

*Counsel for Defendant*

**By U.S. Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

Executed on October 18, 2012, at Los Angeles, California.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Harry H. Kharadjian